[No. 3052. Decided November 28, 1898.]

MOSES MORRIS, *Respondent,* v. FRYE-BRUHN COMPANY, *Appellant.*

NON-SUIT—SUFFICIENCY OF EVIDENCE.

Where defendant's liability, if any, arises through the acts of an agent, whose authority it denied, defendant is not entitled to a non-suit if there is any testimony sufficient to go to the jury tending to establish the agency.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Burleigh & Piles,* for appellant.
*William Martin,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by the respondent to recover from the appellant $222.60, for hogs alleged to have been sold by respondent to appellant. The hogs were delivered to one John Morice, who delivered them to appellant, Frye-Bruhn Company. It is claimed by the respondent that Morice was an agent of the Frye-Bruhn

Company, while the company claims that he was not its agent for the purpose of buying these hogs, but that respondent sold the hogs to Morice, and that the Frye-Bruhn Company purchased the hogs of Morice and not of respondent. Shortly after the delivery of the hogs the respondent, who was a farmer some miles distant from Ballard, received a check for $100, signed by Morice. Afterwards, when he presented the check for payment, he ascertained that the bank on which the check was drawn had failed. He then made demand on the appellant for the purchase price of the hogs. Payment was refused, and action was brought to recover the same.

There are some objections to the admission and rejection of testimony in this case, but we think that there was no error committed in that respect. Appellant also alleges error on the part of the court in giving certain instructions which it did give, and in refusing certain other instructions asked by the appellant; but, as these instructions are based entirely on the testimony, it will not be necessary to consider them separately, for, if there was sufficient testimony to go to the jury on the question of agency, it is conceded that the instructions given were correctly given, and that the instructions asked for did not state the law applicable to the case. At the close of plaintiff's testimony, the defendant moved for a non-suit, and, if the case can be reversed at all, it must be reversed because it was entitled to a non-suit. Upon the question of agency, considering the whole case, there is a conflict of testimony, and the conflict is a matter to be considered by the jury. We are inclined to think, however, that there was sufficient testimony offered by the plaintiff, conceding the correctness of the law propositions urged by the appellant, to go to the jury in this case. It seems to us that it would not be strange, considering the lack of business experience shown by the plaintiff, that he would accept the check

given by Morice, or any check that was sent to him, as a payment on the hogs. The testimony shows that Morice had acted in the capacity of agent to a certain extent for the appellant. He had been put forward by it to examine stock, had been sent by it to this respondent to pass upon the condition of certain cattle which it was purchasing of the respondent, and the testimony of Frye, one of the members of this company, plainly indicates an agency, and the holding forth of this man Morice as an agent; and, while he did not testify that he had sent him out to buy hogs, he did testify that he had sent him out to receive hogs, and that he had sent him out to buy cattle at different times, and that the company had furnished him with a check book, from which he filled out checks and paid for stock. Without further particularizing, we think there was sufficient testimony, under all the circumstances of this case, to go to the jury on the question of agency, and, the jury having weighed the testimony and found in favor of the respondent, the judgment will be affirmed.

GORDON and REAVIS, JJ., concur.